IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NOS. 1:01-CR-191 |
| | : | 1:06-CR-145 |
| | : | 1:06-CR-147 |
| **v.** | : | 1:06-CR-203 |
| | : | 1:06-CR-228 |
| | : | |
| **CLAYTON LEE WAAGNER** | : | (Judge Rambo) |

# **MEMORANDUM**

Before the court is Petitioner Clayton Lee Waagner's motion for reconsideration (Doc. 22)[1] of this court's order of February 14, 2014 that denied Waagner's petition for writ of habeas corpus. In the instant motion, Waagner claims this court erroneously addressed his armed career criminal history, that his predicate offenses do not result in his classification as an armed career criminal, erroneously failed to find that he was factually innocent of his crimes pursuant to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), and failed to grant his untimely § 2255 motion based on equitable tolling.

As to the actual innocence claims, Waagner argues that if his armed career criminal status is erroneous, then he is actually innocent. That is not the holding of *McQuiggin*. Actual innocence applies to the underlying crime.

Furthermore, Waagner has not addressed the fact that one of the main factors considered by this court in dismissing his § 2255 motion is that he entered into a plea agreement pursuant to Federal Rule of Civil Procedure 11(c)(1)(C) in which he agreed to waive all rights to appeal. (Doc. 5, p. 14.)

---

[1]References to docket numbers apply specifically to case number 1:01-CR-191.

The motion will be denied.  An appropriate order will be issued.

                                                            s/Sylvia H. Rambo
                                                            United States District Judge

Dated:  March 17, 2014.